IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES WENDELL WARREN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-055-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, James Wendell Warren, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner was indicted in Tarrant County, Texas, Case No. 1241116D, with burglary of a habitation with intent to commit theft. Adm. R., State Habeas R. 160, ECF No. 19-21. The indictment also included a habitual-offender notice. *Id.* A jury found Petitioner guilty of the offense and, after preparation of a presentence investigation report, Petitioner pleaded true to the habitual-offender allegation and the trial court assessed his punishment at 35 years' confinement. *Id.* at 162 & Clerk's R. 137, ECF No. 19-13. On direct appeal, Petitioner challenged his sentence, but the

---

[1]Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

Second Court of Appeals of Texas affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Id.* at 171 & Docket Sheet, ECF No. 19-2. Petitioner also filed a state habeas application challenging both his conviction and sentence, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Id.*, "Action Taken", ECF No. 19-19.

At trial, Sean Sterling testified that on the morning of May 22, 2011, Petitioner knocked on his door and asked for a Mr. Larson at 42 Glassboro Circle and stated that he was there to work on the gutters. Sterling lived in the 2500 block of Glassboro Circle and believed Petitioner was just "making stuff up." *Id.*, Reporter's R. 17-19, ECF No. 19-9. Petitioner told Sterling that the paperwork was in the car and he would get it. *Id.* at 19. Sterling went to his bedroom window and saw Petitioner get into a white "sedan type car," instead of a work truck, with another male in it. *Id.* at 19, 21. Suspicious, Sterling and his friend decided to follow the white sedan and see what was happening. *Id.* at 20. Sterling turned the corner and saw the white sedan stopped at a second house and he called 911. *Id.* He saw Petitioner and the other male get into the white sedan and leave. Sterling continued to follow them around the neighborhood. The white sedan returned to the second house and later Sterling observed the two carry a flat-screen TV and a "pillowcase full of stuff" to the car. *Id.* at 23-24. Sterling continued to follow them and give updates to the police dispatcher regarding the white sedan and their location and he provided the license plate for the white sedan. *Id.* at 25. Sterling also informed the dispatcher that he would put on his "flashers" to assist law enforcement in finding them. Officer Jakisha Jones testified that there had been a rash of home burglaries in the area and that based on Sterling's call to the dispatcher, she initiated a "felony stop" after spotting Sterling's car and the white sedan. *Id.* at 41, 48-57, 77. Officer Jones and fellow

Officer Mike Smith, who was following Officer Jones in another squad car, drew their service weapons, directed the two men to get out of the car and down on their knees, and handcuffed them, while a more thorough investigation could be conducted. *Id.* at 84-86. Officer Jones observed a large TV and other items in the back seat of the car and Sterling identified the two as the men he saw committing the burglary. *Id.* at 33-34, 58, 106-08. When officers went to the house, they discovered that the glass pane closest to the lock on the door had been broken. *Id.* at 117. Items taken from the house, including a 52-inch Sony LCD television, two Sony Blu-ray DVD players, a Sony laptop, a men's diamond bracelet, an iPod player, a jewelry box, a hunting knife, a LED flashlight, a college ring, and a nine-millimeter Beretta semiautomatic handgun and three full clips were found in the white sedan and later returned to the homeowner. *Id.* at 114-20.

## II. ISSUES

In three grounds, Petitioner claims the state habeas court's factual findings and/or conclusions of law on state habeas review are contrary to or an unreasonable application of Supreme Court law. Pet. 6-7, ECF No. 3. More specifically, in grounds one and two, Petitioner appears to challenge the state court's determination that he waived his Fourth and Fifth Amendment claims regarding the legality of the traffic stop and the failure of the police to administer *Miranda* warnings. Pet'r's Mem. 6-9, ECF No. 4. In his third ground, Petitioner appears to challenge the state habeas court's determination that he asked the trial court not to hear and rule on his second pro se motion to suppress. Pet. 7, ECF No. 3; Pet'r's Mem. 9, ECF No. 4.

## III. RULE 5 STATEMENT

Respondent believes that the petition is neither barred by the statute of limitations nor successive and that Petitioner has sufficiently exhausted the claims in state court. Resp't's Ans. 4,

ECF No. 16.

**IV. DISCUSSION**

    **A. Procedural Default**

Under his first and second grounds, Petitioner asserts that the state habeas court's decision that he forfeited his Fourth Amendment and *Miranda* claims is contrary to or an unreasonable application of Supreme Court law. Pet. 6, ECF No. 3; Pet'r's Mem. 6-7. In his state habeas application, Petitioner claimed that the traffic stop, detention and arrest were unlawful and that Officer Jones failed to give him the *Miranda* warnings during his arrest. Adm. R., WR-54,638-03 Writ, 7-8, ECF No. 19-21. The state court found that Petitioner did not raise the issues on direct appeal. *Id.* at 129. Citing to *Ex parte Crispen,* 777 S.W.2d 103, 105 (Tex. Crim. App. 1989), in which the Texas Court of Criminal Appeals explains its adherence to the contemporary-objection rule, the state habeas court concluded that—

> [a]ppellate courts will not consider any error which counsel for the accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court.

Adm. R., WR-54,638-03 Writ, 138, ECF No. 19-21. In turn, the Texas Court of Criminal Appeals adopted the habeas court's findings and denied Petitioner's state habeas application without written order.

The Fifth Circuit has recognized that the Texas contemporaneous-objection rule, which requires a timely objection to preserve error for appeal, is strictly and regularly applied, and is therefore an adequate state procedural bar to federal review. *Dowthitt v. Johnson,* 230 F.3d 733, 752 (5th Cir. 2000). In other words, when a state law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court. *Ylst v.*

4

*Nunnemaker,* 501 U.S. 797, 801 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 87-88 (1977); *Murray v. Carrier,* 477 U.S. 478, 485-492 (1986). In such cases, federal habeas review of the claim is barred unless a petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain,* 128 F.3d 900, 902 (5th Cir. 1997).

Here, the decision by the state habeas court is the "last reasoned opinion," which rested its judgment on the procedural default. *Ylst,* 501 U.S. at 802-04. Thus, this Court may presume that the Texas Court of Criminal Appeals's denial rests upon the same ground. *Id.* at 803. Accordingly, Petitioner's first and second grounds are barred under the doctrine of procedural default unless he can show that he fits within an exception to that rule. *Id.* Toward that end, Petitioner raises three "legal causes" for his failure to preserve the claims: (1) ineffective assistance of trial and/or appellate counsel; (2) the false testimony by Officer Jones; and (3) the state's failure to correct the false testimony. Pet'r's Traverse 5-6, ECF No. 23.

To the extent Petitioner claims trial and/or appellate counsel was ineffective by failing to raise the issues, he fails to establish cause and prejudice. The record reflects that Petitioner filed a plethora of pro se motions, including two pro se motions to suppress. Adm. R., Clerk's R. 27, 55. During a pretrial hearing, Petitioner expressly declined "to proceed" with the first motion. *Id.*, Reporter's R., vol. 3 at 7-8. However, it does not appear that the trial court ruled on the second pro se motion, which sought suppression of all evidence gathered as a result of the illegal stop, detention and arrest. Petitioner complained in his state habeas application, among other things, that

trial counsel was ineffective by failing to assert his pro se motions to suppress and his *Miranda* claim. Counsel responded as follows:

> I did not assert Mr. Warren's pro-se motions to suppress because while they may be correct statements of the law on warrantless detentions, searches and arrests, there were no facts revealed in my investigation of the case or discussions with Mr. Warren to support the motion to suppress. The arresting officer (Jones) was responding to a call from a civilian witness (Sterling) who was actively following a car with two men inside he had just witnessed burglarize a house. The officer had reasonable suspicion to stop the car described in the burglary. Inside the car which Mr. Warren was driving was a television and a white pillowcase as had been described by witness Sterling as having been taken out of the burglarized home. This was reason for further investigation. Mr. Sterling arrived at the scene of the stop and positively identified the suspects and the car involved in the burglary; thus justifying further investigative detention. The home owner was contacted and shortly thereafter identified the items inside Mr. Warren[']s car were those taken from his home without consent. All of these facts justified the stop, detention and subsequent arrest of Mr. Warren without a warrant. My strategy at the time was that I was certain that the trial judge would not have suppressed any evidence of the arrest based on these facts and that the better strategy was to argue factual inconsistencies to the jury.
>
> . . .
>
> I didn't object to any issues regarding Miranda because the state did not use any statements by Mr. Warren at the time of his detention or arrest against him at trial.

*Id.*, WR-54,638-03 Writ 81-83, ECF No. 19-21.

Appellate counsel testified in his affidavit that he argued two points on appeal and, after reviewing the entire record, he found no other arguable points that he felt had any merit. *Id.* at 87.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standard set forth in

*Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. The Supreme Court recently emphasized in *Harrington v. Richter* that—

> [t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000) (emphasis in original)). Accordingly, it is necessary only to determine whether the state courts' adjudication of Petitioner's ineffective assistance claims was contrary to or an objectively unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

The state habeas judge, who also presided over Petitioner's trial, adopted the state's proposed findings of fact, which were consistent with counsel's affidavits, and applying the *Strickland* standard, concluded that trial and appellate counsel's decision to not present Petitioner's motions to suppress and to not make a *Miranda* argument were the result of reasonable trial and appellate strategy. *Id.* at 139-40, 143. In turn, the Texas Court of Criminal Appeals denied habeas relief based on the trial court's findings. Deferring to the state habeas court's findings, absent clear and convincing evidence in rebuttal, and assuming the Texas Court of Criminal Appeals applied *Strickland* to Petitioner's ineffective assistance claims, the state courts' application of *Strickland* was not unreasonable.

Under *Terry v. Ohio,* 392 U.S. 1 (1968), and its progeny, a temporary investigative stop (a seizure of the person) is proper if the stop is based on reasonable suspicion "that criminal activity may be afoot." *United States v. Basey,* 816 F.2d 980, 988 (5th Cir. 1987) (quoting *Terry,* 392 U.S. at 30). [U]sing some force on a suspect, pointing a weapon at a suspect, ordering a suspect to lie on the ground, and handcuffing a suspect—whether singly or in combination—do not automatically convert an investigatory detention into an arrest requiring probable cause." *United States v. Sanders,* 994 F.2d 200, 206-07 (5th Cir.), *cert. denied,* 510 U.S. 955 (1993).

Clearly, Officers Jones and Smith had reasonable suspicion to conduct the stop and detention of Petitioner and his companion in light of the facts and circumstances of this case. *See United States v. Hopes,* 286 F.3d 788, 789-90 (5th Cir. 2002) (citing *Alabama v. White,* 496 U.S. 325 (1990)). The Court cannot find fault in trial counsel's decision not to urge futile objections as part of his trial strategy. *See Emery v. Johnson,* 139 F.3d 191, 198 (5th Cir. 1997). Similarly, appellate counsel is not deficient in failing to present frivolous or meritless issues on appeal.

*Williams v. Collins,* 16 F.3d 626, 635 (5th Cir. 1994). Thus, trial counsel's failure to raise contemporaneous objections and appellate counsel's failure to the raise the issues on appeal do not constitute ineffective assistance so as to establish cause and prejudice.

To the extent Petitioner claims the default should be excused because of Officer Jones's false testimony and the state's failure to correct the testimony, he also fails to establish cause and prejudice. Petitioner complains of the officer's testimony that she did not have to read Petitioner his *Miranda* warnings because she did not ask him detailed questions about the specific alleged offense. Pet'r's Traverse 5-7, ECF No. 23; Adm. R., Reporter's R., vol. 4, 85, ECF No. 19-9. According to Petitioner, "[t]his admission by Officer Jones is constitutionally not true becouse [sic] at the time [he] was handcuffed and under arrest." *Id.* at 5. Petitioner's assertion does not explain the failure to present his *Miranda* claim earlier or actual prejudice. Further, there is no evidence that Officer Jones testified falsely or that the state had good reason to believe her testimony was false and the state made no attempt to introduce at any stage of the criminal proceedings any statement made by Petitioner to the officers. Even if Petitioner could show a *Miranda* violation, the Supreme Court has rejected the application of the "fruits of the poisonous tree" doctrine to violations of *Miranda. See Oregon v. Elstad,* 470 U.S. 298, 309 (1985). In summary, Petitioner has failed to demonstrate cause and prejudice to excuse the procedural default of grounds one and two in state court or that a manifest injustice will result if this Court does not review the claims. Therefore, the claims are procedurally barred from the Court's review.

### C. TRIAL COURT DECEIT

In his third ground, Petitioner claims the state habeas court's decision to deny his Fourth Amendment claim was based on the trial court's "deciet." Pet. 7, ECF No. 3. He directs the Court

9

to the state habeas court's conclusion that "[b]ecause Applicant asked the trial court not to proceed on his [second pro se] motion to suppress, he forfeited his right to complain about the stop of his vehicle." Adm. R., WR-54,638-03, ECF No. 19-21. According to Petitioner, [t]he record shows that the trial court acknowledge[d] the second 'other' motion, but failed to ask petitioner did he wish to be heard on the 'other' motion to suppress." Pet. 7, ECF No. 3. Even if the habeas court's finding is incorrect, arguably Petitioner abandoned his second pro se motion by failing to call the court's attention to the fact that it remained unresolved. In any event, there is no indication that the motion was ever adopted by Petitioner's trial counsel. Although a defendant has a constitutional right to represent himself, there is no right to hybrid representation. *See United States v. Mikolajczyk,* 137 F.3d 237, 246 (5th Cir. 1998). Under these circumstances, the trial court was not required to rule on his *pro se* motions.

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 26th day of September, 2016.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**